UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ANTONIO AGUILAR,                                          :
                                                         :
                              Plaintiff,                 :          **COMPLAINT**
                                                         :
              -against-                                  :
                                                         :
                                                         :
BEAVER STREET PIZZA LLC. d/b/a PIZZA                      :
ETALIA, LALITHARUBAN SINGABABAN, and                     :          **JURY TRIAL DEMANDED**
DIPAK BANIK                                               :
                                                         :
                              Defendants.                :
------------------------------------------------------------------ X

Plaintiff Antonio Aguilar Perez ("Plaintiff" or "Aguilar"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Beaver Street Pizza LLC. d/b/a Pizza Etalia ("Pizza Etalia"), Lalitharuban Singababan, and Dipak Banik (collectively, "Defendants"), alleges:

**NATURE OF THE COMPLAINT**

1.      Aguilar regularly worked over forty hours per workweek as a cook and kitchen helper at Pizza Etalia, an Italian pizzeria and restaurant located in Manhattan. Throughout his employment, Defendants paid Aguilar on straight-time and day rate bases that failed to compensate him for regular hours worked at the statutory minimum wage rate and failed to provide him with overtime pay for hours worked over forty per workweek. Defendants also failed to provide Aguilar with: (1) spread-of-hours pay when he worked shifts spanning over ten hours, (2) wage notices at his time of hiring and when his wage rates changes, and (3) accurate wage statements with each payment of wages.

2.      Aguilar brings this action to recover from Defendants his unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Aguilar's claims occurred at Pizza Etalia, which is located and operated by Defendants in the Southern District of New York.

## THE PARTIES

**Plaintiff Antonio Aguilar Perez**

5.      Antonio Aguilar Perez resides in Queens County, New York.

6.      Defendants employed Aguilar as a cook, dishwasher, and cashier from approximately March 2019 until April 2022.

**Defendant Beaver Street Pizza LLC.**

7.      Defendant Beaver Street Pizza LLC is a New York limited liability company that owns, operates, and does business as Pizza Etalia, an Italian pizzeria and restaurant located at 20 Beaver Street, New York, New York 10004.

8.      Pizza Etalia is an "enterprise engaged in commerce" within the meaning of the FLSA.

9.      Throughout Aguilar's employment, Pizza Etalia had employees, including Aguilar, engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.     In the three years preceding the filing of this Complaint, Pizza Etalia has had an annual gross volume of sales in excess of $500,000.

11.     Pizza Etalia is a successor-in-interest to Manhattan's Best Pizza Inc., which operated an Italian pizzeria and restaurant doing business as Georgio's Pizzeria at the same location as Pizza Etalia until approximately August 2019.

12.     In all material respects other than the name change, Pizza Etalia has continued to operate the same pizzeria at the same location as Manhattan's Best Pizza.

13.     Pizza Etalia continued to engage in substantially the same work under the same management, including the management of Defendant Lalitharuban Singababan, and provided the same service to its customers (*i.e.*, an Italian pizzeria), as Manhattan's Best Pizza Inc.

14.     Pizza Etalia continued to employ the same employees, including Aguilar, in the same positions with substantially the same job duties and pay provisions as Manhattan's Best Pizza Inc.

**Defendant Lalitharuban Singababan**

15.     Defendant Lalitharuban Singababan ("Singababan") is a principal of Pizza Etalia.

16.     Singababan is identified as a principal of Pizza Etalia in New York State Department of Taxation and Finances filings.

17.     Throughout Aguilar's employment, Singababan held power and authority over personnel decisions at Pizza Etalia, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

18.     Throughout Aguilar's employment, Singababan was regularly present at Pizza Etalia directing the work duties of employees.

19.     For example, Singababan was responsible for communicating directly with Plaintiff regarding his wages, schedules, and other personnel matters.

20.     Singababan distributed Plaintiff's wages.

21.     Singababan exercised sufficient control over Pizza Etalia's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and the NYLL.

**Defendant Dipak Banik**

22.     Defendant Dipak Banik ("Banik") is an owner and principal of Pizza Etalia.

23.     Banik is identified as a principal of Pizza Etalia on New York State Liquor Authority filings.

24.     As an owner and principal of Pizza Etalia, Banik held power and authority over personnel decisions at Pizza Etalia, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

25.     Banik delegated and generally exercised this power and authority through Singababan.

26.     Banik exercised sufficient control over Pizza Etalia's operations and Aguilar's employment to be considered Aguilar's employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

27.    Aguilar worked as a cook, dishwasher, and cashier throughout his employment at Pizza Etalia.

28.    As a cook, Aguilar spent the majority of his time cutting ingredients and stirring ingredients in pots and pans. As a dishwasher, Aguilar spent the majority of his time lifting and moving pans and food receptacles, taking dirty pots and utensils to the dishwashing area, and washing them.

29.    Aguilar performed other tasks at Pizza Etalia as assigned by Defendants.

30.    From approximately March 2019 through mid-March 2020, Aguilar regularly worked twelve-hour shifts, from 10:00 a.m. to 10:00 p.m., six days per week (Sundays off), totaling approximately seventy-two hours per workweek.

31.    Aguilar did not work at Pizza Etalia from approximately mid-March 2020 through September 20, 2020 as a result of the Covid 19 pandemic.

32.    From approximately September 20, 2020 through July 2021, Aguilar regularly worked eleven or eleven- and one-half hour shifts, from 9:00 a.m. to between 8:00 or 8:30 p.m., six days per week (Sundays off), totaling between sixty-six and sixty-nine hours per workweek.

33.    From approximately August 2021 through April 2022, Aguilar regularly worked ten- and one-half hour shifts, from 7:30 a.m. to 6:00 p.m., six days per week (Sundays off), totaling approximately sixty-six hours per workweek.

34.    From approximately March 2019 through October 2019, Defendants paid Aguilar $13.50 per hour worked, including hours over forty per workweek.

35.    From approximately November 2019 through mid-March 2020, Defendants paid Aguilar $14.00 per hour worked, including hours over forty per workweek.

36.     From approximately September 20, 2020 through July 2021, Defendants paid Aguilar $150 per day worked.

37.     From approximately August 2021 through April 2022, Defendants paid Aguilar $175 per day worked.

38.     Throughout his employment, Defendants paid Aguilar's wages in cash.

39.     At points during his employment, Aguilar's regular wage rate fell below the statutory minimum wage rate established for large employers in Manhattan.

40.     Defendants did not pay Aguilar spread-of-hours pay on days when he worked shifts spanning over ten hours.

41.     Defendants did not provide Aguilar with wage notices at his time of hire or when his wage rate changed.

42.     Throughout his employment, Defendants paid Aguilar's wages without accompanying wage statements accurately reflecting, *inter alia*, his hours worked, and hourly rates paid

43.     From September 2020 through the end of Aguilar's employment, Defendants frequently failed to pay Aguilar's full weekly wages at the end of each weekly pay period, instead informing Aguilar that they were short on his pay and would make it up at a later date.

### FIRST CLAIM
### (NYLL – Unpaid Minimum Wages)

44.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

45.     Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

46.     The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

47.     Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

48.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

49.     As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

50.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

51.     Defendants are an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a), and employed Plaintiff.

52.     Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

53.     Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

54.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

55.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation

56.     As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**THIRD CLAIM**
**(NYLL – Unpaid Overtime Wages)**

57.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

58.     Under the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked over forty per workweek.

59.     Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

60.     Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

61.     As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FOURTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

62.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

63.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 146-1.6.

64.     As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FIFTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notices)**

65.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

66.     The NYLL's WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

67.     In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

68.     As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

**SIXTH CLAIM**
**(NYLL WTPA – Failure to Provide Accurate Wage Statements)**

69.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

70.     The NYLL's WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

71.     Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates

of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

72.     As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## SEVENTH CLAIM
### (NYLL § 191 – Frequency of Payments)

73.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

74.     Through his employment, Plaintiff spent at least 25% of his working time performing physical tasks.

75.     Plaintiff was a "manual worker" within the meaning of the NYLL.

76.     Defendants were required to pay Plaintiff on a weekly basis, and "not later than seven calendar days after the end of the week in which the wages were earned." NYLL § 191(1)(a).

77.     Defendants frequently failed to pay Plaintiff his full wages due at the end of each weekly pay period.

78.     As a result of Defendants' failure to pay Plaintiff his full wages due on a timely basis in violation of the NYLL, Plaintiff is entitled to recover liquidated damages equal to the wages that were untimely paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a.     declare that Defendants violated the minimum wage provisions of the NYLL and supporting regulations;

b.     declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

c.      declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

d.      declare that Defendants violated the wage notice and wage statement provisions of the NYLL's WTPA;

e.      declare that Defendants violated the frequency of pay provision of the NYLL;

f.      declare that Defendants' violations of the FLSA and the NYLL were willful;

g.      enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

h.      award Plaintiff damages for unpaid minimum and overtime wages and spread-of-hours pay;

i.      award Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL and for frequency of pay violations;

j.      award Plaintiff statutory damages as result of Defendants' failure to furnish Plaintiff with wage notices and accurate wage statements as required by the NYLL's WTPA;

k.      award Plaintiff pre- and post-judgment interest under the NYLL;

l.      award Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

m.      award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury in this action.

Dated:  New York, New York
            November 16, 2022

PECHMAN LAW GROUP PLLC

By:  */s/ Louis Pechman*
       Louis Pechman
       Galen C. Baynes
       Pechman Law Group PLLC
       488 Madison Avenue - 17th Floor
       New York, New York 10022
       (212) 583-9500
       pechman@pechmanlaw.com
       baynes@pechmanlaw.com
       *Attorneys for Plaintiff*